UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKIKO FUKAYA,<br><br>    Plaintiff,<br><br>v.<br><br>DAISO CALIFORNIA LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-00099-JSC<br><br>**ORDER RE: MOTION TO DISMISS AND TO STRIKE**<br><br>Re: Dkt. No. 18 |

Plaintiff brings consumer protection claims related to Daiso's failure to label its products as containing tree nuts, a common allergen. (Dkt. No. 1.)[1] Before the Court is Defendants' motion to dismiss and to strike. (Dkt. No. 18.) Having carefully considered the briefing, and with the benefit of oral argument on May 11, 2023, the Court GRANTS the motion in part and DENIES it in part.

**COMPLAINT ALLEGATIONS**

Food allergies can provoke life-threatening response, including anaphylaxis, from the body's immune system. (Dkt. No. 1 ¶ 13.) Allergies to tree nuts, such as walnuts, almonds, hazelnuts, pecans, cashews, and pistachios, are fairly common. (*Id.* ¶ 15.) Along with peanuts and shellfish, tree nuts are one of the allergens most often linked to anaphylaxis. (*Id.* ¶ 14.)

Plaintiff is a California resident who is allergic to tree nuts. In summer 2022, she bought the Tiramisu Twist Cookie packaged food product at a Daiso store in Daly City. (*Id.* ¶¶ 2, 20.) Daiso has more than 3,000 stores in Japan and 2,300 outside of Japan, including 89 in the United States (California, Washington, Nevada, Texas, New Jersey, and New York). (*Id.* ¶ 17.) Its

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

products are exported from Japan by Daiso Industries Company, Ltd. to entities like Defendants Daiso California LLC and Daiso Holdings USA Inc., which distribute them to stores or sell them online. (*Id.* ¶¶ 11–12, 18.) Daiso places a sticker with an English-language ingredient list on its packaged food products, which have original ingredient lists in Japanese. (*Id.* ¶ 19.) Plaintiff scanned the English-language ingredient list sticker on the Tiramisu Twist Cookie package and started eating in the parking lot. (*Id.* ¶ 20.) She immediately had a violent allergic reaction. (*Id.* ¶¶ 2, 20.) She pulled back the sticker and saw that the original Japanese-language ingredient list, which she could read, identified two nut ingredients. (*Id.* ¶¶ 1–2, 20.) She rushed into a nearby Target to buy an EpiPen and then was taken to the emergency room. (*Id.* ¶ 20.) In October 2022, Plaintiff's attorney contacted Daiso and it issued a worldwide recall of the Tiramisu Twist Cookie. (*Id.* ¶ 2.)

But Daiso treated the Tiramisu Twist Cookie as an isolated incident and failed to review its other translated ingredient lists. (*Id.* ¶ 3.) In December 2022,

> Plaintiff once again purchased several items from Defendants' Daly City store. This time, before consuming the products, she read the original Japanese ingredient label in comparison to the translated English language ingredient label placed on the original packaging. One product was "Carmel Corn" produced by a company called "Tohato." The English language sticker does not set forth any tree nuts. The Japanese language ingredient list states that it contains almonds, which is one of the six common tree nuts. . . .
>
> [W]hatever process is being used to translate the original Japanese ingredient label to the English language sticker label placed on the original packaging is woefully inadequate and is endangering the lives of consumers . . . .

(*Id.* ¶¶ 3–4; *see id.* ¶ 22.) Federal law requires packaged food products to have an English-language ingredient list with plain language stating whether they contain a major allergen such as tree nuts. (*Id.* ¶¶ 23–24.)

On behalf of a putative class of all consumers in California who bought Daiso food products for personal use (the California class), Plaintiff brings claims under California's Consumer Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and Unfair Competition Law ("UCL"). (*Id.* ¶¶ 25, 39–88.) On behalf of a putative class of all consumers in 42 states and the District of Columbia who bought the products for personal use (the "multi-state"

2

1  class), she brings claims for breach of express warranty under the law of each jurisdiction. (*Id.* ¶¶

2  25, 89–95.) She also identifies a "nationwide" class but does not specify which claims are brought

3  on its behalf. (*Id.* ¶ 25.) Plaintiff seeks damages, restitution, disgorgement, declaratory relief, and

4  injunctive relief including a product recall, an order requiring Daiso to fix its deceptive labeling,

5  and an order requiring Daiso to pay a court-appointed translator to audit all packaged food

6  products with a translated ingredient label sold in the U.S. (*Id.* at 20–21.)

## DISCUSSION

Daiso moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). It also moves to strike portions of the complaint.

### I. CLRA, FAL, AND UCL CLAIMS

#### A. Injunctive Relief

Plaintiff's CLRA, FAL, and UCL claims seek injunctive relief. As a matter of Article III standing to seek such relief, a plaintiff must establish "an actual and imminent, not conjectural or hypothetical threat of future harm." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018) (cleaned up); *see DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006) ("a plaintiff must demonstrate standing separately for each form of relief sought"). In the false advertising context,

> a previously deceived consumer may have standing to seek an injunction . . . even though the consumer now knows or suspects that the advertising was false at the time of the original purchase . . . . Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future. In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to. In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved.

*Davidson*, 889 F.3d at 969–70 (cleaned up).

Plaintiff does not allege she will purchase the products again, nor—more likely—that she wants to purchase Daiso products but will not because she is unable to rely on their labeling. *See*

3

*Gasser v. Kiss My Face, LLC*, No. 17-CV-01675-JSC, 2017 WL 4773426, at *3–4 (N.D. Cal. Oct. 23, 2017). Therefore, she does not plausibly allege an actual and imminent threat of future harm and has not established Article III standing to seek injunctive relief. Accordingly, Daiso's motion to dismiss for lack of subject matter jurisdiction is GRANTED as to Plaintiff's prayer for injunctive relief with respect to her CLRA, FAL, and UCL claims. (*See* Dkt. No. 1 ¶¶ 60, 74, 87.)

The dismissal is with leave to amend, as it is not absolutely clear the defects could not be cured by alleging additional facts. *See Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017). Daiso's argument that it has recalled the Tiramisu Twist Cookie and Caramel Corn products, even if properly subject to judicial notice, construes Plaintiff's complaint too narrowly. The complaint plausibly supports an inference that other products are also mislabeled.

### B. Disgorgement

Plaintiff seeks "disgorgement of ill-gotten revenues and/or profits" as a remedy for her FAL and UCL claims. (Dkt. No. 1 ¶¶ 74, 87.) Daiso moves to strike because such relief is unavailable under the FAL and UCL.

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff's request for disgorgement is none of those things. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010) (noting defendant argued the complaint's request for "lost profits and consequential damages" was "precluded as a matter of law," but concluding "none of the five [Rule 12(f)] categories" applied and denying motion to strike). Accordingly, Daiso's motion to strike the prayer for disgorgement is DENIED.

## II. BREACH OF EXPRESS WARRANTY

The complaint asserts breach of express warranty under the laws of 43 jurisdictions. (Dkt. No. 1 ¶ 93.) However, it does not allege facts plausibly supporting an inference that sales were made in each one. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012) ("[E]ach class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place."), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th

4

Cir. 2022). According to the complaint, Daiso only has stores in six states, and there are no allegations about sales volume in the U.S., whether in stores or online. (Dkt. No. 1 ¶ 17.) Thus, other than California, the complaint does not adequately allege Daiso violated the 43 consumer protection laws cited. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gunaratna v. Dennis Gross Cosmetology LLC*, No. CV-2023-11-MWFGJSX, 2020 WL 8509681, at *7 (C.D. Cal. Nov. 13, 2020) ("[The complaint's] conclusory assertions offer no explanation as to how these state laws differ and include no facts showing how Defendant allegedly violated each of these laws. The other 49 states' consumer protection statutes differ significantly from California's UCL, FAL, and CLRA. Merely listing the name and code section of other states' consumer protection statutes does not suffice to state a claim." (cleaned up)). Accordingly, Daiso's motion to dismiss for failure to state a claim is GRANTED as to Plaintiff's breach of express warranty claim.

The Court need not reach two more complicated questions: (1) whether, under an adequately pleaded complaint, Plaintiff would have standing to represent unnamed class members who suffered the same injury in fact as Plaintiff, but giving rise to violations of different states' laws; and, relatedly, (2) whether to determine that issue at the pleading stage or the class certification stage. *See In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1068 (N.D. Cal. 2015); *see also Melendres v. Arpaio*, 784 F.3d 1254, 1261 (9th Cir. 2015) ("Defendants' argument . . . conflates standing and class certification. Although both concepts aim to measure whether the proper party is before the court to tender the issues for litigation, they spring from different sources and serve different functions. *Standing* is meant to ensure that the injury a plaintiff suffers defines the scope of the controversy he or she is entitled to litigate. *Class certification*, on the other hand, is meant to ensure that named plaintiffs are adequate representatives of the unnamed class." (cleaned up)). "[I]t is perhaps surprising that there is no Ninth Circuit precedent specifically deciding this question," *Carrier IQ*, 78 F. Supp. 3d at 1068, and courts have taken different approaches. *See id.* at 1068–75; *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2014 WL 4955377, at *17 (N.D. Cal. Oct. 2, 2014) ("[T]he Court perceives nothing *requiring* it to adjudicate any standing issues before class certification. The constitutional minima are satisfied by the named plaintiffs' alleged injuries and thus the Court's subject-matter

jurisdiction is secure.").

### III. CLASS ALLEGATIONS

Daiso moves to strike Plaintiff's class allegations as unmanageable and to require Plaintiff to cover the costs of class notice. Those arguments may be properly considered at the class certification stage, but are now premature. *See, e.g.*, *T. K. v. Adobe Sys. Inc.*, No. 17-CV-04595-LHK, 2018 WL 1812200, at *13 (N.D. Cal. Apr. 17, 2018) ("[C]ourts in this district have similarly declined to address challenges to a putative class's ability to satisfy Rule 23 at the pleading stage."); *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 960–61 (N.D. Cal. 2018) ("Even courts that have been willing to entertain such a motion early in the proceedings have applied a very strict standard to motions to strike class allegations on the pleadings. Only if the court is convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed may the allegations be stricken." (cleaned up)). Thus, Daiso's motion to dismiss or strike on this basis is DENIED.

### CONCLUSION

Daiso's motion to dismiss and to strike is GRANTED in part and DENIED in part. Plaintiff's breach of express warranty claim is dismissed with leave to amend. Her prayer for injunctive relief with respect to her CLRA, FAL, and UCL claims is dismissed with leave to amend. The parties are referred to a randomly-assigned magistrate judge for a settlement conference to be held at a date and time agreed to by the magistrate judge and parties.

Plaintiff may file an amended complaint on or before **June 15, 2023**. The parties may stipulate to continue this date and all other deadlines pending the settlement conference.

This Order disposes of Docket No. 18.

**IT IS SO ORDERED.**

Dated: May 11, 2023

JACQUELINE SCOTT CORLEY
United States District Judge