ARA JABAGCHOURIAN (SBN 205777)
ara@arajlaw.com
**LAW OFFICES OF ARA JABAGCHOURIAN, P.C.**
1650 S. Amphlett Boulevard, Suite 216
San Mateo, CA 94402
Telephone: (650) 437-6840
Facsimile: (650) 403-0909

*Attorneys for Plaintiff and Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAKIKO FUKAYA**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DAISO CALIFORNIA LLC and DAISO HOLDING USA INC.**<br><br>Defendants. | CASE NO. 3:23-cv-99-RFL<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, Makiko Fukaya, on behalf of herself and all others similarly situated, by and through her undersigned attorneys, brings this First Amended Class Action Complaint against Daiso California LLC (hereinafter "Daiso CA") and Daiso Holding USA Inc. (hereinafter "Daiso USA") (collectively "Defendants") alleges as follows. Plaintiff bases the allegations in this First Amended Class Action Complaint on personal knowledge as to matters related to Plaintiff and on information and belief as to all other matters, through the investigation of Plaintiff's counsel. Plaintiff believes substantial evidentiary support exists for the allegations set forth herein, and she seeks a reasonable opportunity for discovery.

**I.**

**NATURE OF THE ACTION**

1.      Plaintiff alleges, on behalf of herself and all others similarly situated (the "Class," as defined below), that from January 9, 2018, to the date of class certification (the "Class Period"), Defendants have sold packaged food products with Japanese language ingredient labels and have had them improperly translated and placed English language ingredient list printed on a sticker and placed on the packaging of the food items sold in Defendants' stores and online. Specifically, Plaintiff has discovered two packaged products sold in Defendants' store that contained tree nuts, as stated in the Japanese language label on the packages, but fails to set forth the tree nuts on the translated English language sticker placed on the package.

2.      After having a violent allergic reaction consuming Tiramisu Twist Cookie (hereinafter "TTC") purchased from the Daiso store in Daly City, California, Plaintiff learned that although the English language sticker label did not identify any nuts, once the sticker was removed from the package the original Japanese language label identified two nut products as ingredients.  Plaintiff's attorney alerted Defendants of this on October 26, 2022.  The next day, Defendants issued a world-wide recall of the TTC.

3.      Apparently, Defendant treated this as an isolated incident and failed to systemically review the other translated ingredient lists on Defendants' other packaged food that it imports and sells.  Plaintiff once again purchased several items from Defendants' Daly City

Law Offices of
Ara
Jabagchourian,
P.C.

1   store.  This time, before consuming the products, she read the original Japanese ingredient label

2   in comparison to the translated English language ingredient label placed on the original

3   packaging.  One product was "Carmel Corn" produced by a company called "Tohato."  The

4   English language sticker does not set forth any tree nuts.  The Japanese language ingredient list

5   states that it contains almonds, which is one of the six common tree nuts.

6       4.      The concern here is that whatever process is being used to translate the original

7   Japanese ingredient label to the English language sticker label placed on the original packaging

8   is woefully inadequate and is endangering the lives of consumers based on these mislabeled

9   ingredient lists.  Defendants have been placed on notice that their English translated food labels

10  on packaged goods are inadequate, with the risk of endangering lives, yet have failed to

11  systemically review the process of how these labels are translated.

**II.**

**JURISDICTION AND VENUE**

14      5.      This Court has subject matter jurisdiction under the Class Action Fairness Act, 28

15  U.S.C. section 1332(d) in that: (1) this is a class action involving more than 100 class members;

16  (2) Plaintiff is a citizen of the State of California, Defendant Daiso CA is a citizen of the State of

17  California, and Defendant Daiso USA is a citizen of the State of Washington; and (3) the amount

18  in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

19      6.      This Court has personal jurisdiction over Defendants for reasons including but not

20  limited to the following: Plaintiff's claims arise out of Defendants' conduct within this District.

21  As a result of Defendants' marketing, distributing, promoting and/or selling, either directly or

22  indirectly through third parties or related entities, of the Products to purchasers throughout the

23  United States, the Defendants obtain the benefits of the laws of this state and profits from

24  commerce within this state. Defendants, through maintaining a store in the District, the

25  promotion and marketing of the Products, conducts systematic and continuous business activities

26  in and throughout this state and otherwise intentionally avail themselves of the market of this

27  state.

28

Law Offices of
Ara
Jabagchourian,
P.C.

**FIRST AMENDED COMPLAINT**                                                    2

7.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### III.

### PARTIES

#### A.    Plaintiff

10.    Makiko Fukaya resides in San Mateo, California. From approximately July 2022 to December 2022 Plaintiff purchased various packaged food products from the retailer, Daiso Japan, located in Daly City, California.  She has purchased at least two products from Daiso Japan that had improperly identified ingredients in packaged foods on the translated English ingredient sticker placed over original product packaging.  Plaintiff is likely go back and to purchase more pre-packaged food products from Daiso CA and Daiso USA as she is a Japanese national and Daiso is one of the few stores that sells product from her native land here in California.  In fact, since the filing of the lawsuit, she has gone back to Daiso Japan in Daly City, but is hesitant to purchase any packaged food where the English language sticker ingredient label covers the pre-printed Japanense language sticker label is covered.

#### B.    Defendants

11.    Daiso California LLC (hereinafter "Daiso CA") is a limited liability company with its principal place of business located in La Mirada, California and is the United States distributor of products sold in Daiso Japan retail stores.

12.    Daiso Holding USA Inc. (hereinafter "Daiso USA") is a Washington State corporation with its principal place of business located in La Mirada, California.

### IV.

### FACTUAL ALLEGATIONS

### TREE NUT ALLERGIES

13.    According to the Centers for Disease Control, food allergies are a growing food safety and public health concern that affect an estimated 8% of children in the United States. That's 1 in 13 children, or about 2 students per classroom. A food allergy occurs when the body has a specific and reproducible immune response to certain foods.  The body's immune response

can be severe and life threatening, such as anaphylaxis. Anaphylaxis is a sudden and severe allergic reaction that may cause death. Although the immune system normally protects people from germs, in people with food allergies, the immune system mistakenly responds to food as if it were harmful.

14.     Along with peanuts and shellfish, tree nuts are one of the food allergens most often linked to anaphylaxis — a serious, rapid-onset allergic reaction that may be fatal. A tree nut allergy usually lasts a lifetime; fewer than 10 percent of people with this allergy outgrow it.

15.     The six tree nut allergies most commonly reported by children and adults are allergies to walnut, almond, hazelnut, pecan, cashew and pistachio. There's often confusion between peanuts and tree nuts. Peanuts are legumes, not nuts; still, between 25% and 40% of individuals who are allergic to peanuts also react to at least one tree nut, according to studies.

16.     When a person with an allergy to a particular tree nut is exposed to that tree nut, proteins in the nut bind to specific IgE antibodies made by the person's immune system. This binding triggers the person's immune defenses, leading to reaction symptoms that can be mild or very severe.

## DEFENDANTS DISTRIBUTE AND SELL PACKAGED PRODUCTS THAT HAVE MISTRANSLATED INGREDIENT LABELS

17.     Daiso has over 3,000 retail locations in Japan and an additional 2,300 retail locations outside of Japan.  Eighty nine (89) locations exist in the United States across various states.  The first store in the United States was opened on October 2, 2005, with the first store opening for business in in Lynnwood, Washington near Seattle.  Daiso stores are located in the states of California, Arizona, Washington, Nevada, Texas, New Jersey, and New York.

18.     The products sold in the Daiso retail stores are exported from Daiso Industries Company, Ltd. out of Japan.  The products are sent to various Daiso related entities, such as Defendant Daiso CA, for distribution to the Daiso retail stores or on Daiso's online store.

19.     The Daiso related entities have the ingredient label found on packaged food items translated from the ingredient list printed on the original packing that is in the Japanese language and place a sticker on the original packaging containing the ingredients in the English language.

1  It is unclear as of now whether Defendants go through the process of having the translation being
2  made and place the translated English language ingredient stickers on the packaged products or
3  whether that is done in Japan.  Regardless, Defendants distribute and sell these packaged food
4  items in retail stores and online throughout the United States.

5  20.     In the summer of 2022, Plaintiff purchased the Tiramisu Twist Cookie that she
6  purchased in the Daly City, California Daiso store.  She began eating the product in her car in the
7  parking lot just outside the store after scanning the English language sticker label on the outside
8  of the product.  Almost immediately, Plaintiff's airway began to close up.  She pulled the
9  ingredient sticker label off to see that on the original Japanese ingredient list, the cookies
10 contained two different nut products, which she is allergic to.  She rushed to the Target store
11 located next door to the Daiso store and sought out an EpiPen.  One was obtained and Plaintiff
12 was rushed to the emergency room and treated there.

13 21.     Plaintiff's counsel reached out to Defendants and alerted them of the issue on
14 October 26, 2022.  The very next day Defendants issued a world-wide recall of the TTC.

15 22.     Then in December of 2022, Plaintiff once again went to the Daiso store in Daly
16 City, California to purchase a few items.  One such packaged food item was entitled "Carmel
17 Corn" produced by Tohato (hereinafter "Carmel Corn") (hereinafter "Carmel Corn" and "TTC"
18 are collectively "Products"). Again, there was an English language ingredient list in a sticker
19 form affixed on the package of the Product.  The ingredient list does not mention any tree nuts.
20 However, the Japanese ingredient label printed on the Product states that it contains almonds.

21 ///

22 ///

23 ///

24

25

26

27

28



**THE LAW ON FOOD LABELS**

23.    Under federal law, all packaged food composed of two or more ingredients are required to include an ingredient list.  21 C.F.R. §101.4.  Additionally, all food labels must identify in plain language whether the food contains any of the eight (8) major food allergens.  21 U.S.C. §321(qq); 21 C.F.R. §101.91.  These eight distinct allergens are: milk, egg, fish, crustacean shellfish, tree nuts, wheat, peanuts, and soybeans.  21 U.S.C. §321(qq).

24.    All packaged food items that are required to have an ingredient list and are sold in the United States shall have such list in the English language.  21 C.F.R. §101.15 (c).  Where a package food item being sold in the United States has an ingredient list in a foreign language, it must still have such labeling in the English language.  21 C.F.R. §101.15 (c).

**V.**

**CLASS ALLEGATIONS**

25.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent the following classes:

a. The "California Class" which consists of: All consumers within the State of California who purchased TTC and/or Carmel Corn during the applicable liability period for their personal use, rather than for resale or distribution. Excluded from the California Class are Defendants' current or former officers, directors, and employees; counsel for Plaintiff and Defendant, and the judicial officer to whom this lawsuit is assigned.

b.  The "Multi-State Class," which consists of: All consumers in Arizona, California, Nevada, New York, New Jersey, Texas, and Washington who purchased TTC and/or Carmel Corn during the applicable liability period for their personal use, rather than for resale or distribution. Excluded from the Multi-State Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned. (collectively, the "Class")

26.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as individual Class members would use to prove those elements in individual actions alleging the

same claims.

### Numerosity—Federal Rule of Civil Procedure 23(a)(1)

27.     The members of the Class are so numerous that individual joinder of all Class members is impracticable. While the exact number of Class members is presently unknown to Plaintiff, based on Defendants' volume of sales, Plaintiff estimates that each Class numbers in the thousands.

28.     Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include United States Mail, electronic mail, Internet postings, and/or published notice.

### Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2) and (b)(3)

29.     This action involves common questions of law or fact that predominate over any questions affecting individual Class members.

30.     All Class members are exposed to Defendants' improperly labeled Product regarding the translated ingredient list failing to set forth almonds.

31.     Furthermore, common questions of law or fact include:

a. Whether Defendants' labeling, marketing, and sale of the Products
   constitutes an unfair and deceptive business practices;

b. Whether Defendants' conduct described above constitutes a breach
   of warranty;

c. Whether Plaintiff and the Class members are entitled to actual,
   statutory, or other forms of damages and other monetary relief; and

d. Whether Plaintiff and the Class members are entitled to equitable
   relief, including but not limited to injunctive relief and equitable
   restitution.

32.     Defendants engaged in a common course of conduct in contravention of the laws Plaintiff seeks to enforce individually and on behalf of the other Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous

Law Offices of
Ara
Jabagchourian,
P.C.

1    common questions that dominate this action. Moreover, the common questions will yield

2    common answers.

3            **Typicality—Federal Rule of Civil Procedure 23(a)(3)**

4            33.    Plaintiff's claims are typical of the claims of other Class members because,

5    among other things, Defendants injures all Class members through the uniform misconduct

6    described herein, and all Class members are subject to Defendants' false, deceptive, misleading,

7    and unfair advertising, labeling, and marketing practices and representations, including the false

8    claim/omission that the Product does not contain tree nuts, when in actuality it does.

9            34.    Further, there are no defenses available to Defendants that are unique to Plaintiff.

10           **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4)**

11           35.    Plaintiff will fairly and adequately represent and protect the interests of the

12   members of each class. Plaintiff does not have any interests that are adverse to those of the Class

13   members. Plaintiff has retained competent counsel experienced in class action litigation and

14   intends to prosecute this action vigorously.

15       **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2)**

16           36.    Defendants have acted or refused to act on grounds generally applicable to

17   Plaintiff and the Class members, thereby making appropriate final injunctive and declaratory

18   relief, as described below, with respect to the Class as a whole.

19              **Superiority—Federal Rule of Civil Procedure 23(b)(3)**

20           37.    A class action is superior to other available methods for the fair and efficient

21   adjudication of this controversy. Class action treatment will permit a large number of similarly

22   situated persons to prosecute their common claims in a single forum simultaneously, efficiently,

23   and without the unnecessary duplication of effort and expense that numerous individual actions

24   would engender. Since the damages suffered by individual Class members are relatively small

25   the expense and burden of individual litigation make it virtually impossible for the Class

26   members to seek redress for the wrongful conduct alleged, while an important public interest will

27   be served by addressing the matter as a class action.

28           38.    The prerequisites for maintaining a class action for injunctive or equitable relief

1    under Federal Rule of Civil Procedure 23(b)(2) are met because Defendants have acted or

2    refused to act on grounds generally applicable to each Class, thereby making appropriate final

3    injunctive or equitable relief with respect to each Class as a whole.

## VI.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Violation of the Consumers Legal Remedies Act, CIV. CODE § 1750 *et seq.*

### On Behalf of the California Class)

9    39.    Plaintiff incorporates and realleges the paragraphs above as if fully set forth

10   herein.

11   40.    Plaintiff brings this claim for violation of the Consumers Legal Remedies Act,

12   CIV. CODE § 1750 *et seq.* ("CLRA"), on behalf of the California Class.

13   41.    Under the CLRA, "goods" means "tangible chattels bought or leased for use

14   primarily for personal, family, or household purposes[.]" CIV. CODE § 1761(a).

15   42.    The Product is a category of "goods" under Civil Code section 1761(a).

16   43.    Under the CLRA, "consumer" means "an individual who seeks or acquires, by

17   purchase or lease, any goods or services for personal, family, or household purposes." *Id.* §

18   1761(d).

19   44.    Plaintiff and the California Class members are "consumers" under Civil Code

20   section 1761(d).

21   45.    Under the CLRA, "person" means "an individual, partnership, corporation,

22   limited liability company, association, or other group, however organized." *Id.* § 1761(c).

23   46.    Defendants are a "person" under Civil Code section 1761(c).

24   47.    Under the CLRA, "transaction" means "an agreement between a consumer and

25   another person, whether or not the agreement is a contract enforceable by action, and includes

26   the making of, and the performance pursuant to, that agreement." *Id.* § 1761(e).

27   48.    Defendants, on the one hand, and Plaintiff and the California Class members, on

28   the other hand, engaged in "transactions" as the CLRA defines that term because, among other

reasons, Defendants agreed to sell, and pursuant to that agreement sold, the Products to Plaintiff and the California Class members.

49.   Defendants' actions, representations, and conduct have violated, and continue to violate, the CLRA because they extend to transactions that are intended to result, or that have resulted, in the sale of goods to consumers.

50.   Under section 1770(a) of the CLRA:

(a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:

* * * * *

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.

* * * * *

(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

* * * * *

(9) Advertising goods or services with intent not to sell them as advertised.

* * * * *

(16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

*Id*. § 1770(a).

51.     As alleged above, Defendants have violated, and continue to violate, Civil Code section 1770(a)(5) by representing the Product has characteristics, uses, benefits, and qualities which they do not. Specifically, Defendants represent the Products do not contain the known allergen tree nuts in the English language ingredient label when in the Japanese ingredient label, it states that it does contain almonds.

52.     Further, as alleged above, Defendants have violated, and continue to violate, Civil Code section 1770(a)(7) by representing the Products are of a particular quality when they are of another. Specifically, Defendants represent that the Product does not contain a tree nut allergen through omission when, in fact, the Products contain tree nuts.

53.     Further, as alleged above, Defendants have violated, and continue to violate, Civil Code section 1770(a)(9) by advertising the Products as free of the allergen of tree nuts, when in fact the products contains tree nuts.

54.     Finally, as alleged above, Defendants have violated, and continues to violate, Civil Code section 1770(a)(16) by representing that the Products they sold Plaintiff and the California Class members are free of tree nuts when, in fact, the Products are not.

55.     Defendants violate the CLRA by representing through its Products marketing the Products, as described above, when it knows, or should know, that the representations are unsubstantiated, false, and misleading.

56.     Plaintiff and the California Class members believe Defendants' omission that the Products do not contain tree nuts, Plaintiff and the California Class members would not purchase the Products, but for Defendants' misleading omission about the Products not containing tree nuts.

57.     Plaintiff and the California Class members are injured in fact and lose money as a result of Defendants' conduct of improperly omitting the Products as free of tree nuts. Plaintiff and the California Class members pay for tree nut free Products but do not receive such Products, since the Products contain tree nuts.

58.     On information and belief, Defendants' actions were willful, wanton,

Law Offices of
Ara
Jabagchourian,
P.C.

1  fraudulent, and made with conscious disregard.  This is the case given that Defendants have been

2  informed that another product was mistranslated from Japanese to English.

3       59.    On information and belief, officers, directors, or managing agents at Defendants

4  authorized the use of the misleading statements about the Products.

5       60.    Pursuant to Civil Code sections 1780 and 1782, Plaintiff and the California Class

6  members seek an injunction to bar Defendants from continuing its improper labeling, and an

7  audit of all packaged food ingredient lists, and reasonable attorneys' fees and costs.

8       61.    THEREFORE, Plaintiff prays for relief as set forth below.

9  **SECOND CLAIM FOR RELIEF**

10  **(Violation of the False Advertising Law, BUS. & PROF. CODE § 17500 *et seq*.**

11  **On Behalf of the California Class)**

12       62.    Plaintiff incorporates and realleges the paragraphs above as if fully set forth

13  herein.

14       63.    Plaintiff repeats each and every allegation contained in the paragraphs above and

15  incorporates such allegations by reference herein.

16       64.    Plaintiff brings this claim for violation of the False Advertising Law, BUS. &

17  PROF. CODE § 17500 *et seq*. ("FAL"), on behalf of the California Class.

18       65.    The FAL makes it unlawful for a person, firm, corporation, or association to

19  induce the public to buy its products by knowingly disseminating untrue or misleading

20  statements about the Products.

21       66.    At all relevant times, Defendants have engaged, and continue to engage, in a

22  Public advertising and marketing campaign representing that the Products as being free of tree

23  nuts.

24       67.    The Products, in fact, contain tree nuts, per their respective Japanese language

25  ingredient list.

26       68.    Defendants' advertisements and marketing representations are, therefore,

27  misleading, untrue, and likely to deceive reasonable consumers.

28       69.    Defendants engaged in its advertising and marketing campaign with intent to

directly induce consumers, including Plaintiff and the California Class members, to purchase the Products based on false and misleading claims.

70.     In making and disseminating the statements alleged herein, Defendants knew or should have known the statements are untrue or misleading.

71.     Plaintiff and the California Class members believed Defendants' representations that the Product is free of the tree nut allergen. Plaintiff and the California Class members would not purchase the Products if they knew the Products contain tree nuts.

72.     Plaintiff and the California Subclass members are injured in fact and lose money as a result of Defendants' conduct of improperly omitting the Products as free of tree nuts. Plaintiff and the California Class members pay for Products that are free of tree nuts, but do not receive such Products.

73.     The Products Plaintiff and the California Class members receive are worth less than the Products for which they pay. Plaintiff and the California Class members pay a premium price on account of Defendants' misrepresentations that the Products are free of tree nuts.

74.     Plaintiff and the California Class members seek declaratory relief, restitution for monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, injunctive relief enjoining Defendants from continuing to disseminate its untrue and misleading statements, an injunction whereby the Court appoints a Japanese to English translator to audit all packaged food ingredient lists on items sold in the United States, and other relief allowable under Business and Professions Code section 17535.

75.     THEREFORE, Plaintiff prays for relief as set forth below.

## THIRD CLAIM FOR RELIEF

**(Violation of the Unfair Competition Law, BUS. & PROF. CODE § 17200 *et seq*.**

**On Behalf of the California Class)**

76.     Plaintiff incorporates and realleges the paragraphs above as if fully set forth herein.

77.     Plaintiff brings this claim for violation of the Unfair Competition Law, BUS. & PROF. CODE § 17200 et seq. ("UCL"), on behalf of the California Class.

78. The circumstances giving rise to Plaintiff's and the California Class members' allegations include Defendants' corporate policies regarding the sale and marketing of the Productss and the method of translating and relabeling ingredient list of packaged foods in the English language.

79. Under the UCL, "unfair competition" means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by" the FAL. BUS. & PROF. CODE § 17200.

80. By engaging in the acts and practices described herein, Defendants commit one or more acts of "unfair competition" as the UCL defines the term.

81. Defendants committed, and continue to commit, "unlawful" business acts or practices by, among other things, violating the CLRA, 21 C.F.R. §101.4, 21 U.S.C. §321(qq), 21 C.F.R. §101.91, 21 C.F.R. §101.15 (c), and the FAL as described herein.

82. Defendants committed, and continue to commit, "unfair" business acts or practices by, among other things:

a. Engaging in conduct for which the utility of the conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and the members of the California Class;

b. Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the members of the California Class; and

c. Engaging in conduct that undermines or violates the spirit or intent of the consumer protection laws that this Class Action Complaint invokes.

83. Defendants commit unlawful, unfair, and/or fraudulent business acts or practices by, among other things, engaging in conduct Defendants knew or should have known was likely to and do deceive reasonable consumers, including Plaintiff and the California Class members.

84. As detailed above, Defendants' unlawful, unfair, and/or fraudulent practices include making false and/or misleading representations that the Product is free of tree nuts.

85. Plaintiff and the California Class members believed Defendants' representation

through omission that the Products are free of tree nuts.  Plaintiff and the California Class members would not purchase the Products, but for Defendants' misleading omission that the Products are free of tree nuts.

86.     Plaintiff and the California Class members are injured in fact and lose money as a result of Defendants' conduct of improperly labeling the Products by failing to set forth it contained almonds. Plaintiff and the California Class members pay for the Products that are free of allergens as set forth on the ingredient label, but do not receive Products that are free of tree nuts. Instead, Plaintiff and the California Class members receive Products that contain tree nuts.

87.     Plaintiff and the California Class members seek declaratory relief, restitution for monies wrongfully obtained, disgorgement, injunctive relief, and other relief allowable under Business and Professions Code section 17203, including but not limited to enjoining Defendants from continuing to engage in its unfair, unlawful, and/or fraudulent conduct alleged herein and having all of Daiso package food product labels sold in the United States audited by a Court appointed Japanese to English translator for purposes of checking the accuracy of the ingredient labels and/or Defendants provide the Court with a certification that all translated pre-packaged food labels that Defendants sell in the United States have been audited for accuracy before being placed back into the stream of commerce.

88.     THEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CLAIM FOR RELIEF

### (Breach of Express Warranty

### On Behalf of the Multi-State Class)

89.     Plaintiff incorporates and realleges the paragraphs above as if fully set forth herein.

90.     Plaintiff and the Multi-State Class members form a contract with Defendants at the time they purchase the Products. As part of that contract, Defendants represent that the Products are free of tree nuts, as described above. These representations constitute express warranties and became part of the basis of the bargain between Plaintiff and the Multi-State Class members, on the one hand, and Defendants, on the other.

91.     Defendants make the above-described representations to induce Plaintiff and the Multi-State Class members to purchase the Products, and Plaintiff and the Multi-State Class members rely on the representations in purchasing the Products.

92.     All conditions precedent to Defendants' liability under the above-referenced contract has been performed by Plaintiff and the other Multi-State Class members.

93.     Defendants breach their express warranties about the Products because, as alleged above, the Products contains tree nuts.  Defendants breach the following state warranty laws:

A.  A.R.S. section 47-2313;

B. Cal. Comm. Code section 2313;

C. Nev. Rev. Stat. Ann. section 104.2313;

D. N.J. Stat. Ann. section 12A:2-313;

E. N.Y. U.C.C. Law section 2-313;

F. Tex. Bus. & Com. Code section 2.313; and

G. Wash. Rev. Code Ann. section 62A.2-313.

94.     Pursuant to A.R.S. section 47-2313, Defendants breached the express warranty of the Products by providing a "description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description" that was incorrect or false by failing to identify tree nuts in the Products when in the fact they did contain them.  A.R.S. § 47-2313(b).

95.     Pursuant to California Commercial Code section 2313, Defendants breached the express warranty of the Products by making a "description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description" that was incorrect or false by failing to identify tree nuts in the Products when in the fact they did contain them.  Cal. Comm. Code § 2313(b).

96.     Pursuant to Nev. Rev. Stat. Ann. section 104.2313, Defendants breached the express warranty of the Products by making a "description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the

description" that was incorrect or false by failing to identify tree nuts in the Products when in the fact they did contain them. Nev. Rev. Stat. Ann. § 104.2313(b).

97.     Pursuant to N.J. Stat. Ann. section 12A:2-313, Defendants breached the express warranty of the Products by making a "description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description" that was incorrect or false by failing to identify tree nuts in the Products when in the fact they did contain them. N.J. Stat. Ann. section 12A:2-313(b).

98.     Pursuant to N.Y. U.C.C. Law section 2-313, Defendants breached the express warranty of the Products by making a "description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description" that was incorrect or false by failing to identify tree nuts in the Products when in the fact they did contain them.  N.Y. U.C.C. Law section 2-313(b).

99.     Pursuant to Tex. Bus. & Com. Code section 2.313, Defendants breached the express warranty of the Products by making a "description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description" that was incorrect or false by failing to identify tree nuts in the Products when in the fact they did contain them.  Tex. Bus. & Com. Code section 2.313(b).

100.     Pursuant to Wash. Rev. Code Ann. section 62A.2-313, Defendants breached the express warranty of the Products by making a "description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description" that was incorrect or false by failing to identify tree nuts in the Products when in the fact they did contain them.  Wash. Rev. Code Ann. section 62A.2-313(b).

101.     As a result of Defendants' breaches of express warranty, Plaintiff and the other members of the Multi-State Class are damaged in the amount of the purchase price they pay for the Products, in amounts to be proven at trial.

102.     THEREFORE, Plaintiff prays for relief as set forth below.

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class members, respectfully requests that the Court enter an Order:

A. Certifying the Class pursuant to Federal Rule of Civil Procedure 23 and adjudging Plaintiff and her counsel adequate Class representatives;

B. Declaring Defendants financially responsible for notifying the Class members of the pendency of this suit;

C. Requiring Defendants to pay Plaintiff and the Class members economic, monetary, consequential, compensatory, or statutory damages, whichever is greater, and, if Plaintiff proves Defendants' conduct was willful, awarding Plaintiff and the Class members exemplary damages to the extent to which the law provides;

D. Awarding restitution and/or disgorgement of all monies Defendants acquired by means of any act or practice this Court declares was wrongful, or other appropriate remedy in equity, to Plaintiff and the Class members;

E. Awarding declaratory and injunctive relief as the law and equity permit, including: enjoining Defendants from continuing the unlawful practices set forth above; directing Defendants to rectify or cease their deceptive and misleading labeling, in which it fails to set forth tree nuts in its English language ingredient list for the Products, yet it does contain tree nuts, an injunction requiring Defendants to pay for a Court appointed Japanese to English translator to audit all packaged food products sold by Defendants with a translated ingredient label sold in the United States and/or an injunction requiring Defendants provide the Court with a certification that all translated pre-packaged food labels that Defendants sell in the United States have been audited for accuracy before being placed back into the stream of commerce.

F. Directing Defendants to disgorge all monies Defendants acquired by means of any act or practice this Court declares was wrongful;

G. Awarding Plaintiff, individually and on behalf of the Class members, her

expenses and costs of suit, including reasonable attorneys' fees and reimbursement of reasonable expenses to the extent to which the law provides;

H. Awarding to Plaintiff, individually and on behalf of the Class members, pre- and post-judgment interest to the extent the law allows;

I.  Recall the Products for failing to comply with the requirements of disclosing allergens on the Products; and

J. For such other and further relief as this Court deems just and proper.

Dated: November 28, 2023    **LAW OFFICES OF ARA JABAGCHOURIAN, P.C.**

By: ___*/s/  Ara Jabagchourian*_____
ARA JABAGCHOURIAN
*Attorneys for Plaintiff*

## VII.    JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: November 28, 2023    **LAW OFFICES OF ARA JABAGCHOURIAN, P.C.**

By: ___*/s/ Ara Jabagchourian*_____
ARA JABAGCHOURIAN
*Attorneys for Plaintiff*