1    ARA JABAGCHOURIAN (SBN 205777)
     ara@arajlaw.com
2    **LAW OFFICES OF ARA JABAGCHOURIAN, P.C.**
     1650 S. Amphlett Boulevard, Suite 216
3    San Mateo, CA 94402
     Telephone: (650) 437-6840
4    Facsimile: (650) 403-0909

5

6    *Attorneys for Plaintiff and Putative Class*

7              **UNITED STATES DISTRICT COURT**

8              **NORTHERN DISTRICT OF CALIFORNIA**

9

10   **MAKIKO FUKAYA**, on behalf of herself    CASE NO. 3:23-cv-99-RFL-TSH
     and all others similarly situated,
11                                              **MEMORANDUM OF POINTS AND**
                    Plaintiff,                  **AUTHORITIES IN SUPPORT OF MOTION**
12                                              **FOR CLASS CERTIFICATION**
            v.
13                                              Accompanying Documents:
     **DAISO CALIFORNIA LLC,**
14                                              1)  Notice of Motion and Motion for Class
                    Defendant.                      Certification
15                                              2)  Declaration and Expert Report of Natsuko
                                                    Tsuji
16                                              3)  Declaration of Makiko Fukaya
                                                4)  Declaration of Ara Jabagchourian
17                                              5)  Request for Judicial Notice
                                                6)  Proposed Order
18
                                                Date:  August 26, 2025
19                                              Time: 10:00 a.m.
                                                Judge: Honorable Rita F. Lin
20                                              Location: Courtroom 15—18th Floor
                                                450 Golden Gate Avenue
21                                              San Francisco. CA 94102

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS
CERTIFICATION; CASE NO. 3:23-cv-99-RFL-TSH**

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................................................... 2

II.   STATEMENT OF COMMON FACTS ............................................................. 3

    A.    DAISO'S PROCESS OF TRANSLATING FOOD LABELS ............................... 3

    B.    TIRAMASU TWIST COOKIE AND CARAMEL CORN PRODUCTS ............. 3

    C.    NOTICE OF MISTRANSLATED STICKER LABELS ........................................ 4

III.  ARGUMENT .................................................................................................... 5

    A.    LEGAL STANDARDS FOR CLASS CERTIFICATION ..................................... 5

    B.    PLAINTIFF SATISFIES THE REQUIREMENTS OF RULE 23(a) ................... 5

        1. Numerosity: The Proposed Class Is Numerous ...................................... 6

        2. Commonality: Issues of Law and Fact Are Common to the Class ......... 6

        3. Typicality: The Representative's Claims Are Typical of the Class
           Claims .................................................................................................... 9

        4. The Proposed Class Representative and Her Counsel Will Adequately
           Represent the Classes ............................................................................ 10

    C.    PLAINTIFF SATISFIES THE REQUIREMENTS OF RULE 23(b) ................. 11

        1. The Injunctive Relief Class Satisfies the Requirements of
           Rule 23(b)(2) ........................................................................................ 11

        2. The Restitution Relief Classes Satisfy the Requirements of Rule
           23(b)(3) ................................................................................................ 11

        a. Common Questions of Law and Fact Predominate ............................... 12

        i. Evidence common to all classes will establish the existence of a
          systemic failure to provide proper translated sticker labels on its
          imported pre-packaged food items ........................................................ 13

        ii. Evidence common to all classes will establish that Daiso failed to
          review the ingredient sticker labels prior to putting the products into
          the stream of commerce ......................................................................... 14

1

2

iii.Common evidence will also establish classwide harm and
restitution .......................................................................... 14

3

b. A Class Action is Superior to Other Available Methods of
Adjudication ...................................................................... 15

4

5

D.      THE COURT SHOULD APPOINT LAW OFFICES OF ARA
JABAGCHOURIAN, P.C. AS CLASS COUNSEL............................................. 16

6

IV.     CONCLUSION.................................................................................................. 16

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdullah v. U.S. Sec. Assoc., Inc.*
   731 F.3d 952 (9th Cir. 2013) ................................................. 12

*Achzinger v. IDS Prop. Cas. Ins. Co.*
   772 Fed. App'x 416 (9th Cir. 2019) .................................... 15

*Amchem Products, Inc., et al. v. Windsor, et al.*
   521 U.S. 591 (1997).............................................................. 15

*Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*
   133 S. Ct. 1184 (2013).......................................................... 5

*Amgen, Inc. v. Conn. Ret. Plans and Tr. Funds*
   568 U.S. 455 (2013).............................................................. 12

*Briseno v. ConAgra Foods, Inc.*,
   (9th Cir. 2017) 844 F.3d 1121 ............................................ 5

*Davis-Miller v. Auto. Club of S. California*
   201 Cal.App.4th 106 (Nov. 22, 2011) ................................ 8

*Ebner v. Fresh, Inc.*
   838 F.3d 958 (9th Cir. 2016) ............................................. 8

*Edwards v. First Am. Corp.*
   798 F.3d 1172 (9th Cir. 2015) ........................................... 7

*Ellis v. Costco Wholesale Corp.*
   657 F.3d 970 (9th Cir. 2011) .......................................... 5, 9

*Gen. Tel. Co. v. Falcon*
   457 U.S. 147 (1982).............................................................. 5

*Graham v. Bank of America, N.A.*
   226 Cal. App. 4th 594 (2014) ............................................. 7

*Hanlon v. Chrysler Corp.*
   150 F.3d 1011 (9th Cir. 1998) ....................................... 9, 10

*In re ConAgra Foods, Inc.*
   302 F.R.D. 537 (C.D. Cal. 2014) ....................................... 8

*In re High-Tech Emp. Antitrust Litig.*
  985 F. Supp. 2d 1167 (N.D. Cal. 2013) .................................................................. 10

*In re Hydrogen Peroxide Antitrust Litig.*
  552 F.3d 305 (3d Cir. 2008).................................................................................... 7

*In re Lidoderm Antitrust Litig.*
   2017 WL 679367 (N.D. Cal. Feb. 21, 2017) ........................................................ 15

*Just Film, Inc. v. Buono*
  847 F.3d 1108 (9th Cir. 2017) ............................................................................... 10

*Korea Supply Co. v. Lockheed Martin Corp.*
  29 Cal.4th 1134 (2003) ............................................................................................ 7

*Loc. Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*
  244 F.3d 1152 (9th Cir. 2001) ............................................................................... 15

*Lytle v. Nutramax Labs., Inc.*
  114 F.4th 1011 (9th Cir. 2024) .............................................................................. 13

*Moore v. Apple Inc.*
  309 F.R.D. 532 (N.D. Cal. 2015) ........................................................................... 12

*Moore v. Hughes Helicopters, Inc., Div. of Summa Corp.*
  708 F.2d 475 (9th Cir. 1983) ................................................................................... 5

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC (Olean)*
  31 F.4th 651 (9th Cir. 2022) ............................................................................. 7, 12

*Orichian v. BMW of North America, LLC*
  (2014) 226 Cal.App.4th 1322 ................................................................................. 8

*Pulaski & Middleman, LLC v. Google, Inc.*
  802 F.3d 979 (9th Cir. 2015) ................................................................................. 14

*Purple Mountain Tr. v. Wells Fargo & Co.*
  2022 WL 3357835 (N.D. Cal. Aug. 15, 2022) ...................................................... 12

*Ries v. Ariz. Beverages USA LLC*
  287 F.R.D. 523 (N.D. Cal. 2012) ............................................................................ 6

*Sinatro v. Barilla Am., Inc.*
  WL 4008715 (N.D. Cal. Aug. 29, 2024) ........................................................... 8, 13

*Stearns v. Ticketmaster Corp.*
  655 F.3d 1013 (9th Cir. 2011) ............................................................................... 13

*Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.*
  209 F.R.D. 159 (C.D. Cal. 2002) ................................................................. 9

*Tyson Foods, Inc. v. Bouaphakeo*
  577 U.S. 442 (2016) ........................................................................ 6, 12

*United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*
  593 F.3d 802 (9th Cir. 2010) ................................................................. 5

*Vaquero v. Ashley Furniture Indus., Inc.*
  824 F.3d 1150 (9th Cir. 2016) .............................................................. 14

*Vizcarra v. Unilever United States Inc.*
  WL 2364736 (N.D. Cal. Feb. 24, 2023) ...................................................... 8

*Wal-Mart v. Dukes*
  564 U.S. 338 (2011) ........................................................................... 6

*Wolin v. Jaguar Land Rover N. Am., LLC*
  617 F.3d 1168 (9th Cir. 2010) ................................................................ 6

*Yokoyama v. Midland Nat'l Life Ins. Co.*
  594 F.3d 1087 (9th Cir. 2010) .............................................................. 14

**Statutes**

21 U.S.C. §321 ...................................................................... 6, 9, 14

Unfair Competition Law, California Business & Professions Code (UCL) § 17200 *et seq.*........... 7

**Other Authorities**

2 NEWBERG ON CLASS ACTIONS
  § 4:49 (5th ed. 2012) ......................................................................... 12

CACI Jury Instruction 1230 ........................................................................ 7

**Rules**

21 C.F.R. §101.15 (c) ................................................................ 6, 7, 9, 14

21 C.F.R. §101.91 .................................................................... 6, 7, 9,14

Fed. R. Civ. P. 23 ........................................................................ passim

Fed. R. Civ. P. 30(b)(6) ..................................................................... 16

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; CASE NO. 3:23-cv-99-RFL-TSH**                                    v

1

<u>**STATEMENT OF ISSUES TO BE DECIDED**</u>

The issues for this Court to decide are: (1) whether the Court should certify the proposed classes defined in the motion for class action treatment; (2) whether the Court should appoint Plaintiff as Class Representatives; and (3) whether the Court should appoint Law Offices of Ara Jabagchourian, P.C. as Lead Class Counsel.

1

## I.    __INTRODUCTION__

2

This case involves the sale of imported prepackaged food products that had mislabeled

3

and mistranslated ingredient sticker labels from Japanese to English.  What was of critical

4

importance was that the improper labels failed to disclose allergens as required by federal law.

5

The defendant, Daiso California LLC ("Daiso") was informed of the problem, but rather than

6

immediately and systemically review the translated labels of all of the products its sold, Daiso

7

merely conducted spot checks every few weeks.  After informing Daiso of the problem, Plaintiff

8

Makiko Fukaya (hereinafter "Plaintiff") want back and purchased a different product roughly

9

two months later that again had failed to disclose and translate a food allergen in another

10

imported prepackaged food product.

11

The two products purchased by Plaintiff were the Tiramisu Twist Cookie (hereinafter

12

"Tiramisu") and Caramel Corn ("Caramel") which both had improperly translated ingredient

13

sticker labels affixed to the product.  The sticker label sought to comport to federal law in

14

translating the printed Japanese ingredient label on the packaging of the two products to English,

15

including separate allergen list placed on the sticker ingredient label.

16

The translated ingredient sticker labels were uniformly mistranslated and failed to set

17

forth the proper allergens in the separate section.  The challenged ingredient sticker labels apply

18

uniformly to all members of the proposed classes. As a consequence, so too do all of the core

19

liability issues under Plaintiff's claims: the failure to have a properly translated the English

20

ingredient sticker label on the two products, the failure to properly translate and set forth a

21

separate allergens ingredient list on the English language sticker label of the two products, and

22

the actual and threatened injury to all consumers of Daiso's imported prepackaged food products

23

which require translated ingredient sticker labels.  These common characteristics of Plaintiff's

24

case challenging Daiso mistranslated and mislabeled ingredient sticker labels make it readily

25

apparent that the proposed injunctive relief class should be certified under Rule 23(b)(2).

26

As for Plaintiff's two proposed Rule 23(b)(3) restitution classes, the common evidence

27

for proving each of the elements of Plaintiff's liability claims also demonstrates that common

28

issues predominate. This includes liability issues as well as restitution and class-wide injury.

II.     **STATEMENT OF COMMON FACTS**

     A.     **DAISO'S PROCESS OF TRANSLATING FOOD LABELS**

     Daiso sells numerous products from Japan in retail stores in the United States, specifically in the states of California, Arizona, Washington, Nevada, Texas, New Jersey, and New York.  Declaration of Ara Jabagchourian in support of Motion for Class Certification ("Jab Decl."), Ex. A pp. 54:4-54:21; Ex. C -Response to Interrogatory 4 & Response to Interrogatory 9.  Daiso purchases pre-packaged products from its parent company, Daiso Industries Company, Ltd., out of Japan.  Jab Decl., Ex. A, pp. 27:5-28:25; 43:23-25.

     In order to comply with various Food & Drug Administration("FDA") regulations, Daiso hired a third-party vendor to prepare translated sticker labels for imported pre-packaged products. Jab Decl., Ex. A pp. 26:1-30:17.   Translated ingredient labels would be created by the third-party vendor and sent to all Daiso stores to be printed and placed on the back of the packaging of the food items as a sticker right over the Japanese language ingredient label already printed on the package.  Jab. Decl., Ex. A pp. 30:19-31:24; 33:17-38:1.

     B.     **TIRAMASU TWIST COOKIE AND CARAMEL CORN PRODUCTS**

     Daiso carried the two products at issue in this matter: Tiramisu and Caramel.  Tiramisu was sold between ████████████████████ units in California and ██████████████████████████ with gross sales in the amount of ██████████.  Jab Decl., Ex. A p. 27:7-12; pp. 45:14-46:11, 124:16-125:24; Exhibit 4 to 30(b)(6) deposition; Ex. D – Response to Interrogatory Nos. 19 & 21.  Daiso also sold Caramel between ██████████████████ units in the ████████████████████.  Jab Decl., Ex. A. pp. 130:17-131:6, 134:20-135:18, Exhibits 22 & 23 of 30(b)(6) deposition; Ex. C – Response to Interrogatory No. 4; Ex. D - Response to Interrogatory Nos. 20 & 22.  The price of each unit of both Tiramisu and Caramel was $1.50 for a period of time and then switched over to $1.75.  Jab. Decl., Ex. A pp. 23:5-24:24.

     According to their respective pre-printed Japanese labels, both products contained a tree nut as an ingredient.  Declaration and Expert Report of Natsuko Tsuji, ("Tsuji Decl."), ¶¶ 6-7, Ex

1    A; Jab Decl., Ex. A pp. 58:8-59:2. Tiramisu had almonds and hazelnuts listed on the pre-printed

2    Japanese ingredient label, but neither ingredient was on either the general ingredient portion or

3    on the allergen list portion of the translated ingredient sticker label during the entire time the

4    product was sold at Daiso. Tsuji Decl., ¶ 6, Ex A; Jab Decl. Ex. A pp. 58:8-59:2; 70:17-72:12,

5    Exhibit 8 to 30(b)(6) deposition. The Caramel product had almonds listed on the pre-printed

6    Japanese ingredient label, but almond was not listed either on the general ingredient portion of

7    allergen list section of the translated ingredient sticker label during the entire time the product

8    was sold at Daiso. Tsuji Decl., ¶7, Ex. A; Jab Decl., Ex. A pp. 114:23-115:16, 121:11-21, 128:3-

9    17.

10        C.      NOTICE OF MISTRANSLATED STICKER LABELS

11            Plaintiff purchased Tiramisu from Daiso's Daly City store. Declaration of Makiko

12    Fukaya (hereinafter "Fukaya Decl."), ¶ 2, Ex A. After suffering a severe allergic reaction in the

13    parking lot of the store, she removed the English translated ingredient sticker label and learned

14    that the Japanese language label contained tree nuts when the translated English ingredient

15    sticker label did not. Fukaya Decl., ¶2. The sticker label covered the Japanese ingredient label.

16    Fukaya Decl., ¶ 2.

17            Plaintiff's attorney issued a letter to Daiso setting forth the mistranslated sticker label.

18    Jab. Decl., ¶3, Ex. B, Ex. A pp. 88:9-89:2, Exhibit 5 to 30(b)(6) deposition. As a direct result,

19    Daiso recalled Tiramisu in 29 countries, including the United States. Jab. Decl. Ex. A pp. 85:4-

20    86:7; 88:9-89:2. Rather than conduct a systemic review of all of its translated ingredient labels

21    on the pre-packaged food it sold, Daiso took to only conducting a "spot check" of a "handful" of

22    Daiso's 660 imported food items "every few weeks", despite having an incident involving a

23    serious allergic reaction. Jab Decl., Ex. A pp. 92:12-94:13; 113:7-11. Daiso took no effort itself

24    prior to the notice from Plaintiff's counsel to verify that the English translated sticker labels were

25    being accurately translated. Jab. Decl., Ex. A pp. 31:25-33:16.

26            Plaintiff then returned to Daiso and purchased another product from the shelf, namely the

27    Caramel product. Fukaya Decl., ¶ 3, Ex. B. This product also failed to list a tree nut allergen,

28    namely almond, on its translated ingredient sticker label. Tsuji Decl., ¶7, Ex A; Jab Decl. Ex. A

p. 115:8-16.  The day after Plaintiff filed suit in this matter, Daiso issued a product recall for the Caramel product.  Jab. Decl., Ex. A pp. 97:17-98:11.  Plaintiff is likely to go back and purchase more pre-packaged food products from Daiso as she is a Japanese national and Daiso is one of the few stores that sells products from her native land here in California.  Fukaya Decl., ¶ 5.

## III.    ARGUMENT

### A.    LEGAL STANDARDS FOR CLASS CERTIFICATION

Class certification is appropriate here because Plaintiff satisfies all of the prerequisites of Rule 23(a) and the requirements of Rule 23(b)(2) and 23(b)(3). *Briseno v. ConAgra Foods, Inc.*, (9th Cir. 2017) 844 F.3d 1121 (setting forth class certification requirements); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011) (same). The prerequisites of Rule 23(a) are numerosity, commonality, typicality, and adequacy. Rule 23(b)(3) requires that common issues predominate over individual issues and that a class action provides the superior method for adjudicating the controversy. The requirements of 23(b)(2) are met as Daiso "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

In deciding whether to certify a class, a court should conduct a rigorous inquiry. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). That said, the issue is only whether Rule 23 is satisfied, not whether plaintiff will prevail. *United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*, 593 F.3d 802, 808 (9th Cir. 2010). As a result, a court should assess the merits only to the extent necessary to apply Rule 23. *Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194 (2013); *Moore v. Hughes Helicopters, Inc., Div. of Summa Corp.*, 708 F.2d 475, 480 (9th Cir. 1983); see also *Ellis*, 657 F.3d at 983 n.8.

### B.    PLAINTIFF SATISFIES THE REQUIREMENTS OF RULE 23(a)

The requirements of Rule 23(a) are: (1) numerosity—the Class is so numerous that joinder of all members is impracticable; (2) commonality—questions of law or fact are common to the Class; (3) typicality—the claims of the representative parties are typical of the Class claims; and (4) adequacy— the representative parties will fairly and adequately protect the Class.

1

## 1. Numerosity: The Proposed Class Is Numerous

2          Courts routinely find numerosity is satisfied when a proposed class includes over forty

3   members. *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 536 (N.D. Cal. 2012) ("While there

4   is no fixed number that satisfies the numerosity requirement, as a general matter, a class greater

5   than forty often satisfies the requirement, while one less than twenty-one does not."). Here, the

6   three proposed classes for both Caramel and Tiramisu exceeds 35,000 members for each product.

7   Jab Decl., p. 27:7-12; pp. 45:14-46:11, 124:16-125:23, 130:17-131:6, 134:20-135:18, Exhibits 4,

8   22 & 23 of 30(b)(6) deposition; Ex. C – Response to Interrogatory No. 4; Ex. D – Response to

9   Interrogatory Nos. 19 & 21.  Numerosity is satisfied.

10

## 2. Commonality: Issues of Law and Fact Are Common to the Class

11         A single significant issue of law or fact common to the Class suffices for commonality.

12  *Wal-Mart v. Dukes*, 564 U.S. 338, 359 (2011) ("for purposes of Rule 23(a)(2) [e]ven a single

13  [common] question will do" (quotation marks and citation omitted)); *see also Wolin v. Jaguar*

14  *Land Rover N. Am.*, *LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010) ("Commonality exists where class

15  members' situations share a common issue of law or fact, and are sufficiently parallel to insure a

16  vigorous and full presentation of all claims for relief.") (quotation marks and citation omitted).

17  Common issues include whether the Caramel product translated ingredient label was mislabeled,

18  whether the Tiramisu translated ingredient label was mislabeled, whether the labels failed to

19  comply with 21 U.S.C. §321(qq) (setting forth 8 allergens on food label), 21 C.F.R. §101.91

20  (same), and/or 21 C.F.R. §101.15 (c) (requiring English ingredient label), and efforts taken by

21  Daiso to review other translated labels after being informed of the label issue with Tiramisu.

22  Commonality is satisfied where—as here—failure to properly identify ingredients on the

23  translated label is alleged.

24         Plaintiff anticipates that Daiso will argue that issues of reliance will not predominate any

25  class-wide issues (e.g. predominance requirement).  The predominance inquiry "asks whether the

26  common, aggregation enabling, issues in the case are more prevalent or important than the non-

27  common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S.

28  442, 453 (2016). At the same time, it is critical to keep in mind that class certification is different

Law Offices of
Ara Jabagchourian, P.C.

1  from summary judgment. "A court . . . is merely to decide [whether a class action is] a suitable

2  method of adjudicating the case." *Edwards v. First Am. Corp.*, 798 F.3d 1172, 1178 (9th Cir.

3  2015). With respect to the predominance inquiry specifically, a district court must evaluate "'the

4  method or methods by which plaintiffs propose to use the [class-wide] evidence to prove' the

5  common question in one stroke." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods*

6  *LLC (Olean)*, 31 F.4th 651, 666 (9th Cir. 2022) (en banc); quoting *In re Hydrogen Peroxide*

7  *Antitrust Litig.*, 552 F.3d 305, 312 (3d Cir. 2008). "In determining whether the 'common

8  question' prerequisite is met, a district court is limited to resolving whether the evidence

9  establishes that a common question is capable of class-wide resolution, not whether the evidence

10  in fact establishes that plaintiffs would win at trial." *Olean*, 31 F.4th at 666-67.

11      First, as it relates to the Unfair Competition Law, California Business & Professions

12  Code § 17200 *et seq.* (hereinafter "UCL") claims, reliance is only required for the UCL's fraud

13  prong.  *Graham v. Bank of America, N.A.*, 226 Cal. App. 4th 594, 614 (2014).   In this action,

14  Plaintiff has also alleged the "unlawful" and "unfair" prongs of the UCL, both of which do not

15  require allegations of reliance.  FAC ¶¶79-84.  These two allegations under these prongs are

16  based on the unlawful violations of the FDA regulations on packaged food labels.  *Korea Supply*

17  *Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1143 (2003) ("Section 17200 'borrows'

18  violations from other laws by making them independently actionable as unfair competitive

19  practices. [Citation.] In addition, under section 17200, 'a practice may be deemed unfair even if

20  not specifically proscribed by some other law.'".)   Therefore, Daiso's arguments on this point

21  should be denied.

22      Second, the breach of express warranty claims do not contain a legal requirement of

23  reliance either.  See CACI Jury Instruction 1230; see also Request for Judicial Notice Exhibits A

24  – G. "The essential elements of a cause of action under the California Uniform Commercial

25  Code for breach of an express warranty to repair defects are (1) an express warranty to repair

26  defects given in connection with the sale of goods; (2) the existence of a defect covered by the

27  warranty; (3) the buyer's notice to the seller of such a defect within a reasonable time after its

28  discovery; (4) the seller's failure to repair the defect in compliance with the warranty; and (5)

1  resulting damages." *Orichian v. BMW of North America, LLC* (2014) 226 Cal.App.4th 1322,

2  1333-1334 (internal citations omitted). Thus, the issue of reliance does not even exist in two of

3  the four claims brought by Plaintiff.

4          Third, as to the remaining two causes of action, Daiso's attack on the reliance issue is

5  misplaced. Classwide inference of reliance can be made when it can be shown "(1) that uniform

6  misrepresentations were made to the class, and (2) that those misrepresentations were material."

7  *In re ConAgra Foods, Inc*., 302 F.R.D. 537, 571 (C.D. Cal. 2014). "An inference of classwide

8  reliance cannot be made where there is no evidence that the allegedly false representations were

9  uniformly made to all members of the proposed class." *Davis-Miller v. Auto. Club of S.*

10  *California*, 201 Cal.App.4th 106, 125, as modified (Nov. 22, 2011). "[T]he reasonable consumer

11  standard requires a probability that a significant portion of the general consuming public or of

12  targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner v. Fresh,*

13  *Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). Also "[a] plaintiff suing under [California's False

14  Advertising Law ("FAL") and UCL 'need not show actual falsity of the alleged

15  misrepresentations or reliance by the plaintiff,'" and that this principle is "important in the class

16  certification context, because 'concerns about [individual] reliance and causation' that a

17  defendant may raise at the class certification stage do not defeat class certification where the

18  members of the proposed class were exposed to the same allegedly misleading representations

19  and there is evidence that it is probable that a significant portion of the viewing public could be

20  misled by the alleged misrepresentations.'" *Sinatro v. Barilla Am., Inc.,* No. 22-cv-03460-DMR,

21  2024 U.S. Dist. LEXIS 155797 *5-6; 2024 WL 4008715; quoting *Vizcarra v. Unilever United*

22  *States Inc.,* No. 4:20-cv-02777 YGR, 2023 U.S. Dist. LEXIS 38208, 2023 WL 2364736, at *9

23  (N.D. Cal. Feb. 24, 2023) (citations omitted)).

24          Here, the translated ingredient labels for both Tiramisu and Caramel were mistranslated

25  and mislabeled throughout the entirety of Daiso's sales of each of them until the products were

26  recalled. Jab. Decl., Ex. A pp. 70:17-72:12; 121:11-21. It was also set forth that the failure to

27  list tree nuts on the translated sticker labels throughout the time period the two products were

28  sold was the same mistranslated version until the two products were recalled. Ibid. Further, FDA

1  regulations require that all ingredients be listed on the labels and that allergens, such as tree nuts,

2  also be placed on the labels in a separate section.  See 21 U.S.C. §321(qq) (setting forth 8

3  allergens on food label), 21 C.F.R. §101.91 (same), and/or 21 C.F.R. §101.15 (c) (requiring

4  English ingredient label).  Unlike subjective descriptors such as "healthy" or "low fat",

5  ingredient labels, as a matter of law, are material, as such labels are required by FDA regulations

6  and the public has come to rely on such labels.  For these reasons, classwide issues predominate

7  and commonality of issues in law and fact have been established.

8            **3. Typicality: The Representative's Claims Are Typical of the Class Claims**

9            The claims of the Class representative are typical of the claims of the Class if they arise

10  from the same general course of events and involve the same general legal arguments. *Thomas &*

11  *Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.*, 209 F.R.D. 159, 164 (C.D.

12  Cal. 2002) ("The typicality requirement is satisfied if each class member's claim arises from the

13  same course of events that led to the claims of the representative parties and each class member

14  makes similar legal arguments to prove the defendant's liability.") (quotation marks and citation

15  omitted). As a threshold matter, typicality under Rule 23(a) is a permissive requirement and

16  requires only that Plaintiff's claims be "reasonably co-extensive," not "substantially identical"

17  with the proposed class members' claims. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th

18  Cir. 1998).  The claims must be of the same nature, although the specific facts giving rise to the

19  claims need not be. *Ellis*, 657 F.3d at 984 ("Typicality refers to the nature of the claim . . . of the

20  class representative, and not to the specific facts from which it arose or the relief sought.")

21  (internal quotation marks and citations omitted).

22            Typicality here is satisfied as it arises from the purchase of the products with the identical

23  mistranslated and mislabeled ingredient sticker labels.  Plaintiff purchased the same products

24  with the mislabeled English ingredient labels as other the unnamed class members.  Fukaya

25  Decl., ¶¶2-3, Ex. A & B.  All class members purchased the same two products and such products

26  did not comport to FDA regulations on ingredient labels.  All class members, including the class

27  representative, claim that such mislabeled and mistranslated labels violate the FCL, UCL,

28  Consumers Legal Remedies Act ("CLRA") and violate the express warranty of the two products.

1    Plaintiff claims the same injury. See *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir.

2    2017) ("The requirement of typicality is not primarily concerned with whether each person in a

3    proposed class suffers the same type of damages; rather, it is sufficient for typicality if the

4    plaintiff endured a course of conduct directed against the class.").  The typicality prong has been

5    met.

6              **4. The Proposed Class Representative and Her Counsel Will Adequately**

7                                **Represent the Classes**

8              Plaintiff and her counsel will adequately represent the proposed classes. The test for

9    adequacy turns on two questions: "(1) whether named plaintiffs and their counsel have 'any

10   conflicts of interest with other class members,' and (2) whether named plaintiffs and their

11   counsel 'will prosecute the action vigorously on behalf of the class.'" *In re High-Tech Emp.*

12   *Antitrust Litig.*, 985 F. Supp. 2d 1167, 1181 (N.D. Cal. 2013); see *Hanlon v. Chrysler Corp.*, 150

13   F.3d 1011, 1020 (9th Cir. 1999).

14             The named Plaintiff is an adequate representative of each of the respective proposed

15   classes.  Her interests are aligned with all class members in challenging the lawfulness of the

16   mislabeled and mistranslated ingredient sticker labels of Tiramisu and Caramel. She also aligns

17   with other class members in proving that such unlawfully labeled products caused harm to the

18   consumers. Plaintiff has further demonstrated that she will prosecute this action vigorously; as

19   she has consulted with counsel about the facts of the case and strategy and discussed discovery

20   sent to Daiso. Fukaya Decl., ¶ 4.

21             Furthermore, Plaintiff's proposed Class Counsel satisfy the adequacy requirement. In

22   retaining Law Offices of Ara Jabagchourian, P.C., Plaintiff employed a firm with experience in

23   class action matters and conducting trials on complex matters.  Jab. Decl., ¶ 6.  Plaintiff's

24   counsel has also vigorously litigated the matter, defeating two motions to dismiss and a motions

25   to strike, going through a months long settlement conference and ultimately walking away from

26   a settlement proposal per Plaintiff.  Jab. Decl., ¶ 7.

27

28

1

2

**C.     PLAINTIFF SATISIFES THE REQUIREMENTS OF RULE 23(b)**

**1. The Injunctive Relief Class Satisfies the Requirements of Rule 23(b)(2)**

3       Given the universal and systemic issue of mistranslated and/or mislabeled English

4   ingredient sticker labels on the foreign produced pre-packaged food items sold by Daiso, the

5   injunctive and declaratory relief sought would provide uniform relief to all members of the

6   proposed Injunctive Relief Class. Rule 23(b)(2) applies where defendants have "acted or refused

7   to act on grounds that apply generally to the class, so that final injunctive relief or corresponding

8   declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

9       The proposed injunctive class consists of people who purchased Tiramisu and/or Caramel

10  product from a Daiso retail store and resided in the State of California, Arizona, Washington,

11  Nevada, Texas, New Jersey, or New York from October 1, 2019 through January 10, 2023.  As

12  set out in the First Amended complaint, Plaintiff seeks to enjoin Daiso from: (1) continuing the

13  unlawful practices set forth in the amended complaint; (2) directing Daiso to rectify or cease its

14  deceptive and misleading labeling, in which it fails to set forth tree nuts in its English language

15  ingredient list for the two products, yet it does contain tree nuts, (3) an injunction requiring Daiso

16  to pay for a Court appointed Japanese to English translator to audit all packaged food products

17  sold by Daiso with a translated ingredient label sold in the United States and/or an injunction

18  requiring Daiso to provide the Court with a certification that all translated pre-packaged food

19  labels of products that Daiso sells in the United States have been audited for accuracy before

20  being placed back into the stream of commerce.  See First Amended Complaint – Prayer for

21  Relief section E.  There can be no question that an injunctive class seeking to enjoin

22  misinterpreted and mislabeled ingredient labels on all of Daiso's pre-packaged foreign products

23  meets the requirements of Rule 23(b)(2) for certification.

24              **2. The Restitution Relief Classes Satisfy the Requirements of Rule 23(b)(3)**

25      The two proposed restitution classes should be certified because they each meet the

26  predominance and superiority requirements of Rule 23(b)(3). As set forth below, common

27  questions of law and fact predominate, and a class action is the superior method to adjudicate the

28  classes' claims.

### a. Common Questions of Law and Fact Predominate

"[T]he predominance analysis under Rule 23(b)(3) focuses on the relationship between the common and individual issues in the case, and tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation." *Abdullah v. U.S. Sec. Assoc., Inc.*, 731 F.3d 952, 964 (9th Cir. 2013) (internal quotation marks and citation omitted). "Each element of a claim need not be susceptible to classwide proof." *Purple Mountain Tr. v. Wells Fargo & Co.*, 2022 WL 3357835, at *2 (N.D. Cal. Aug. 15, 2022). Rather, "the inquiry is a holistic one, in which the Court considers whether overall, considering the issues to be litigated, common issues will predominate." *Moore v. Apple Inc.*, 309 F.R.D. 532, 544 (N.D. Cal. 2015); see *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) ("[t]he predominance inquiry 'asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating individual issues.'" (quoting 2 NEWBERG ON CLASS ACTIONS § 4:49, pp. 195-96 (5th ed. 2012)).

Common questions need not predominate on every issue; rather, where "one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." *Tyson*, 577 U.S. at 453-454. Moreover, Plaintiff need not prove at this stage that these "questions will be answered, on the merits, in favor of the class." *Amgen, Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 459 (2013) (plaintiffs must "show[] that questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class") (emphasis in original)); see *Olean*, 31 F.4th at 666-67 ("[A] district court is limited to resolving whether the evidence establishes that a common question is capable of class-wide resolution, not whether the evidence in fact establishes that plaintiffs would win at trial.").

Here, considering the issues to be litigated—whether the labels failed to properly translate from Japanese to English the ingredients contained in the two products, whether the translated ingredient labels failed to set forth all the allergens in the separate category pursuant to

1  FDA rules, whether Daiso failed to properly evaluate its translated ingredient sticker labels after

2  being warned of the failure on the Tiramisu product, and class-wide restitution—common issues

3  predominate over any individualized ones.  See Tsuji Decl., ¶¶6-7, 9, Ex A; Jab Decl. Ex. A pp.

4  58:8-59:2; 70:17-72:12, Exhibit 8 to 30(b)(6) deposition.

### i.     Evidence common to all classes will establish the existence of a systemic failure to provide proper translated sticker labels on its imported pre-packaged food items

8      Matters dealing with mislabeled or misleading labels on a product are inherently a

9  question common to the putative classes because the relevant inquiry is into Daiso's conduct, not

10  individual class members' conduct. See *Lytle v. Nutramax Labs., Inc.,* 114 F.4th 1011, 1022 (9th

11  Cir. 2024); citing *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1022 (9th Cir. 2011).  For that

12  reason, courts often find that whether a matter deals with a misleading label (in this instance the

13  improper ingredient sticker label in violation of FDA regulations) exists is a common question

14  that predominates over the other issues in the case. *Sinatro v. Barilla Am., Inc.*, No. 22-cv-

15  03460-DMR, 2024 U.S. Dist. LEXIS 155797 *; 2024 WL 4008715 (N.D. Cal. Aug. 29,

16  2024)('[a] plaintiff suing under [the FAL and UCL] 'need not show actual falsity of the alleged

17  misrepresentations or reliance by the plaintiff,'" and that this principle is 'important in the class

18  certification context, because 'concerns about [individual] reliance and causation' that a

19  defendant may raise at the class certification stage do not defeat class certification where the

20  members of the proposed class were exposed to the same allegedly misleading representations")

21  (Citation omitted).

22      This case is a prime example of why the common issue of mistranslated and mislabeled

23  ingredient labels strongly favors resolving the claims of the restitution classes on a class-wide

24  basis. Here, there are two sets of ingredient sticker labels that fail to set forth tree nut allergens in

25  either the ingredient portion of the labels or the allergen section of the labels which were

26  universal on the two products at issue.  These facts apply to both restitution classes and which

27  harmed every class member as it failed to set forth the required ingredients per the FDA

28  regulations.  Further, the facts will be evaluated under the same FDA regulations, namely: 21

1   U.SC. §321(qq), 21 C.F.R. §101.91, 21 C.F.R. §101.4, 21 U.S.C. §321(qq), and 21 C.F.R.

2   §101.15 (c).  The evidence for the liability issues are common to all members of the class.

        **ii.**        **Evidence common to all classes will establish that Daiso failed to**

                    **review the ingredient sticker labels prior to putting the products into**

                    **the stream of commerce**

6           Common evidence will also be used to demonstrate Daiso failure to review the translated

7   sticker labels prior to applying them to products it sold.  Presumably, Daiso will also use class-

8   wide evidence seeking to refute the failure to review the translated ingredient sticker labels; by

9   arguing that it relied on a third-party to accurately translate and properly set forth the allergens

10  on the labels themselves. Jab. Decl., Ex. A pp. 31:25-33:16. Furthermore, common evidence will

11  be used to demonstrate that after having knowledge of a severe health reaction due to a

12  mistranslated sticker label, Daiso failed to conduct an immediate and systematic review of all of

13  its sticker labels, but rather conducted sporadic "spot check[s]" over a period of two months. Jab

14  Decl., Ex. A pp. 92:12-94:14; 113:7-11.  All these common questions of law and fact

15  demonstrate the predominance factor of the Rule 23(b) inquiry.

        **iii.**        **Common evidence will also establish classwide harm and restitution**

17          Additionally, Plaintiff will prove classwide injury and restitution.  Factually, Daiso

18  charged the same price for the Tiramisu and Caramel product throughout the United Stated.  Jab.

19  Decl., Ex. A pp. 23:5-24:24. The ability to figure what the whole amount owed to the class will

20  be a simple mathematical task, or one that Daiso itself can and has generated.  Jab. Decl., Ex. C

21  & D.

22          Indeed, even if the Court were to conclude that any individualized damages calculations

23  may be necessary, that conclusion would not defeat class certification where common issues

24  relating to liability predominate. See e.g., *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d

25  979 (9th Cir. 2015) ( (reaffirming that this proposition from "*Yokoyama v. Midland Nat'l Life Ins.*

26  *Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010)] remains the law of this court, even after Comcast");

27  *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016) ("Under *Tyson*

28  *Foods* and our precedent, therefore, the rule is clear: the need for individual damages

1    calculations does not, alone, defeat class certification."); accord *In re Lidoderm Antitrust Litig.*,

2    2017 WL 679367, at *11 (N.D. Cal. Feb. 21, 2017); see also *Achzinger v. IDS Prop. Cas. Ins.*

3    *Co.*, 772 Fed. App'x 416, 418 (9th Cir. 2019) ("district court abused its discretion" in denying

4    class certification "by giving more weight to potential individual damages disputes than common

5    questions of liability").  For these reasons, classwide restitution is an issue that predominates

6    over individual issues.

7            **b.  A Class Action is Superior to Other Available Methods of Adjudication**

8            Certification is appropriate under Rule 23(b)(3) if class treatment "is superior to other

9    available methods for fairly and efficiently adjudicating the controversy." The relevant

10   superiority factors to consider are (1) "the class members' interests in individually controlling

11   the prosecution or defense of separate actions"; (2) "the extent and nature of any litigation

12   concerning the controversy already begun by or against class members"; (3) "the desirability or

13   undesirability of concentrating the litigation of the claims in the particular forum"; and (4) "the

14   likely difficulties of managing a class action." Fed. R. Civ. P. 23(b)(3).

15           All four superiority factors favor class treatment here. Application of factors one and

16   three to this case favors litigating these claims in a single forum.  The measure of restitution

17   sustained by thousands of individual class members are likely to be too low to incentivize class

18   members to litigate their claims individually. See *Loc. Joint Exec. Bd. of Culinary/Bartender Tr.*

19   *Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (first Rule 23 superiority

20   factor supports class treatment when there are class members for whom it would be

21   "uneconomical to litigate individually").  Indeed, "[t]he policy at the very core of the class action

22   mechanism is to overcome the problem that small recoveries do not provide the incentive for any

23   individual to bring a solo action prosecuting his or her rights."  *Amchem*, 521 U.S. at 617.

24           Factor two—the extent and nature of similar litigation—also favors class certification.

25   Plaintiff is not aware of any other litigation in the country involving similar claims against Daiso.

26   Jab. Decl., ¶ 8.  Factor three also favors litigating the case in this forum, where the Court has

27   managed this matter for some time already and no one, including Daiso, has sought to move the

28   matter to another forum.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; CASE NO. 3:23-cv-99-RFL-TSH**    15

1    With respect to the fourth factor, this class action would be no more difficult to manage

2    than any other consumer class action litigated and resolved in the Northern District of California.

3    In fact, this matter involves a discrete set of limited issues to be decided by the Court and/or jury.

4    For these reasons, a class action in this matter is superior than any other method of adjudication.

5    **D.    THE COURT SHOULD APPOINT LAW OFFICES OF ARA**

6    **JABAGCHOURIAN, P.C. AS CLASS COUNSEL**

7    "An order that certifies a class action . . . must appoint class counsel under Rule 23(g)."

8    Fed.R. Civ. P. 23(c)(1)(B). Rule 23(g) provides that, "[i]n appointing class counsel, the court []

9    must consider: (i) the work counsel has done in identifying or investigating potential claims in

10   the action; (ii) counsel's experience in handling class actions, other complex litigation, and the

11   types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv)

12   the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

13   Plaintiff's counsel has handled the case thus far, defeating two motions to dismiss and strike,

14   serving written discovery, successfully compelling discovery and conducting the FRCP Rule

15   30(b)(6) deposition in this matter.  Plaintiff's counsel's firm has handled various complex

16   litigation, including through trial.

17   **IV.    CONCLUSION**

18   For all of the foregoing reasons, Plaintiffs respectfully request that the Court certify each

19   of the proposed classes under Rules 23(a) and (b)(2) and (3).

20

21   Dated:  May 29, 2025            **LAW OFFICES OF ARA JABAGCHOURIAN, P.C.**

22

23                          By:*/s/ Ara Jabagchourian*

24                             ARA JABAGCHOURIAN
                               *Attorneys for Plaintiff and the*

25                             *Putative Class*

26

27

28