UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKIKO FUKAYA,<br><br>    Plaintiff,<br><br>  v.<br><br>DAISO CALIFORNIA LLC,<br><br>    Defendant. | Case No. 23-cv-00099-RFL<br><br>**ORDER DENYING MOTION TO CERTIFY CLASS**<br><br>Re: Dkt. No. 102, 113 |

**I. INTRODUCTION**

  In this putative class action, Plaintiff Makiko Fukaya alleges that Defendant Daiso California LLC failed to properly label its pre-packaged food products as containing tree nuts on its English-language ingredient lists. Fukaya, individually and on behalf of those similarly situated, alleges that Daiso's improper labeling violates California's Unfair Competition Law ("UCL"), Consumer Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and constitutes a breach of express warranty. Fukaya filed a motion for class certification on May 29, 2025. (Dkt. Nos. 102, 113.) For the reasons stated below, Fukaya's motion for class certification is **DENIED**. With respect to the proposed restitutionary relief classes, individualized questions regarding reliance, causation, and damages are likely to predominate because the classes, as defined, are not limited to purchasers who are allergic to tree nuts or buying for others with such allergies. Even if the classes were redefined, Fukaya has not carried her burden with respect to numerosity and damages. The proposed injunctive relief class also fails because Fukaya has not identified a policy or practice that can be enjoined as to the entire class.

1

## II. BACKGROUND

According to the evidence submitted in support of this motion, Fukaya, who is allergic to tree nuts, suffered a severe allergic reaction after eating a Tiramisu Twist Cookie ("Tiramisu") that she purchased from a Daiso in Daly City, California on July 15, 2022. (Dkt. No. 106 ¶ 2.) The English translation of the Tiramisu's ingredient list did not list any tree nuts, but the Japanese ingredient list (which was covered by the English translation) listed two tree nuts: almonds and hazelnuts. (*Id.*) Fukaya's attorney wrote to Daiso, which recalled the Tiramisu product. (Dkt. No. 114-2; Dkt. No. 114-3 at 8.)[1]  Fukaya returned to the Daly City Daiso on December 15, 2022 and purchased a Caramel Corn product. (*Id.* ¶ 3; Dkt. No. 106-2.) The Caramel Corn had an English ingredient list which did not list any tree nuts, covering a Japanese ingredient list that listed almonds. (Dkt. No. 106 ¶ 3.) Daiso has since recalled the product. (Dkt. No. 114-3 at 7.) Fukaya asserts that she "would go back and purchase more pre-packaged food products from Daiso . . . , but [is] concerned about the accuracy of the English language sticker labels." (Dkt. No. 106 ¶ 5.) The record indicates that until the products were recalled, Daiso sold 38,265 units of Tiramisu and 35,984 units of Caramel Corn. (Dkt. No. 113 at 9.) Both products were mislabeled in the same way throughout the sales period. (Dkt. No. 114-1 at 32–33, 46.)

Fukaya seeks to certify classes of individuals who purchased the same products with the mislabeled English ingredient labels that she purchased. (Dkt. No. 103 at 15.) As to each one of her claims, Fukaya alleges that she "and the [] Class members would not [have] purchase[d] the Products, but for Defendants' misleading omission that the Products are free of tree nuts." (Dkt. No. 47 ¶¶ 56, 71, 85; *see also id.* ¶ 101.) Fukaya proposes the following classes:

### A. Restitutionary Relief Classes

> All people who purchased "Tiramisu Twist Cookie" product from a Daiso retail store and resided in the State of California, Arizona, Washington, Nevada, Texas, New Jersey, or New York from October 1, 2019 through October 27, 2022 and who were not directly employed by Daiso. Excluded from the proposed class are

---

[1] All citations to page numbers refer to ECF pagination.

>> Defendants, Defendants' employees, and the Court and its staff.
>
> All people who purchased "Caramel Corn" product from a Daiso retail store and resided in the State of California, Arizona, Washington, Nevada, Texas, New Jersey, or New York from January 1, 2022 through January 10, 2023 and who were not directly employed by Daiso. Excluded from the proposed class are Defendants, Defendants' employees, and the Court and its staff.

(Dkt. No. 102 at 2.)

    **B.    Injunctive Relief Class**

> All people who purchased Tiramisu Twist Cookie and/or Caramel Corn product from a Daiso retail store and resided in the State of California, Arizona, Washington, Nevada, Texas, New Jersey, or New York from October 1, 2019 through January 10, 2023 who were not directly employed by Daiso. Excluded from the proposed class are Defendants, Defendants' employees, and the Court and its staff.

(*Id.*)

**III.    LEGAL STANDARD**

    Class certification requires Fukaya to show, by a preponderance of the evidence, that the four requirements of Rule 23(a) and at least one of the bases for certification under Rule 23(b) are met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). With respect to Rule 23(a), Fukaya must show "numerosity," "commonality," "typicality," and "adequacy." "One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. Pro. 23(a). Class certification is proper only if the trial court has concluded, after a "rigorous analysis," that Rule 23(a) has been satisfied. *Dukes*, 564 U.S. at 351.

    With respect to Rule 23(b), Fukaya seeks to show that certification is proper under both 23(b)(3) and 23(b)(2). Rule 23(b)(3) requires a plaintiff to prove the elements of predominance and superiority, such that "questions of law or fact common to class members predominate over any questions affecting only individual members, and [] a class action is superior to other

available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Pro. 23(b)(3).  Rule 23(b)(2) requires the Court to find that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

## IV. DISCUSSION

### A. Restitutionary Relief Classes

#### 1. Predominance

The restitutionary relief classes cannot be certified because individualized questions of reliance, causation, and damages are likely to predominate.  In seeking to certify a monetary relief class under Rule 23(b)(3), a plaintiff must show that common questions "predominate over any questions affecting only individual members."  This requirement presupposes satisfaction of the commonality requirement of Rule 23(a)(2), which itself tests "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1052 (9th Cir. 2015) (citation omitted).  But the predominance inquiry goes further and "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (citation omitted).  The predominance analysis requires a court to evaluate "the method or methods by which plaintiffs propose to use the [class-wide] evidence to prove the common question in one stroke." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 666 (9th Cir. 2022) (internal quotation marks omitted).

In most circumstances, misrepresentation-based breach of warranty claims and claims under the CLRA, UCL and FAL are governed by an objective, "reasonable consumer" test. *See Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, 713 F. Supp. 3d 660, 672, 675–76 (N.D. Cal. 2024). "Plaintiffs [may] establish the required elements of reliance, causation, and damages by proving that Defendants made what a reasonable person would

4

consider a material misrepresentation." *Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2018 WL 4952519, at *10 (N.D. Cal. Sept. 25, 2018). "Materiality is an objective standard," *Badella v. Deniro Mktg. LLC*, No. 10-cv-03908-CRB, 2011 WL 5358400, at *9 (N.D. Cal. Nov. 4, 2011), as a misrepresentation is "material" if "a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question[.]" *In re Tobacco II Cases*, 207 P.3d 20, 39 (Cal. 2009).

As discussed above, Fukaya's proposed restitutionary classes includes every individual who purchased Tiramisu and Caramel Corn during the time that the products were mislabeled. But Fukaya has not submitted any evidence of why the omission of tree nuts from the English language ingredient list would be material to an objective reasonable consumer. To be sure, Fukaya's own declaration is likely sufficient to establish that a reasonable consumer *with a tree nut allergy* would find the omission material, but the proposed classes are not limited to purchasers who have tree nut allergies or are buying for others with those allergies. Fukaya has not proposed a method by which she will be able to show that a reasonable consumer in general, "would attach importance to [the] existence or nonexistence" of tree nuts on an ingredient list "in determining his choice of action in the transaction in question." *Moore*, 713 F. Supp. 3d 660, 672 (explaining that materiality is generally shown through market research) (quotation omitted). And because Fukaya has not established that materiality is susceptible to classwide proof, she has not shown that individualized issues will not predominate with respect to the elements of reliance, causation, and damages for each of her claims.

Fukaya argues that individualized issues do not predominate with regard to her UCL claim because, under the unlawful and unfair prong of the UCL, she need not show reliance to the extent the claim is premised on violations of the Federal Food, Drug, and Cosmetic Act ("FDCA") and its enabling regulations. (Dkt. No. 103 at 13.) However, even under the unlawful and unfair prongs of the UCL, a plaintiff alleging a misrepresentation must prove reliance in order to establish causation and harm. *See Kwikset Corp. v. Superior Ct.*, 246 P.3d 877, 888–889 & n. 9 (Cal. 2011); *see also Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1105 (9th Cir. 2013),

("Applying *Kwikset* in a straightforward manner, we hold that when a consumer purchases merchandise on the basis of false price information, and when the consumer alleges that he would not have made the purchase but for the misrepresentation, he has standing to sue under the UCL [] because he has suffered an economic injury."), *as amended on denial of reh'g and reh'g en banc* (July 8, 2013). As discussed above, Fukaya has not shown that there is a classwide method for proving reliance.[2]

Nor does the alleged violation of the FDCA's ingredient list requirements provide a basis for presuming materiality. While *Hinojos* stands for the proposition that, at least at the motion to dismiss stage, "the legislature's decision to prohibit a particular misleading advertising practice is evidence that the legislature has deemed that the practice constitutes a 'material' misrepresentation," the *Hinojos* court still held that the plaintiff was required to allege "that he would not have made the purchase but for the misrepresentation" to establish standing under *Kwikset*. *Id.* at 1105, 1107. And, regardless, Fukaya has not shown that the FDCA's ingredient list requirements at issue in this case were enacted to address a "misleading advertising practice," like the misleading use of "Made in U.S.A." labels in *Kwikset* or the fake "sales" at issue in *Hinojos*. Therefore, materiality in this case cannot be presumed.

Fukaya has also failed to show that individualized questions will not predominate with respect to damages calculations. To satisfy Rule 23(b)(3)'s predominance requirement, plaintiffs

---

[2] Even if reliance were not required, predominance could not be satisfied through a UCL claim for unlawful conduct predicated purely on an FDCA violation, because such a claim would be preempted. Section 337(a) of the FDCA provides that, except as set forth in section 337(b), "all . . . proceedings for the enforcement, or to restrain violations, of [the FDCA] shall be by and in the name of the United States." 21 U.S.C. § 337(a). Thus, "a private action brought under [other laws] may not be pursued when, as here, the claim would require litigation of the alleged underlying FDCA violation in a circumstance where the [Food and Drug Administration] has not itself concluded that there was such a violation." *See Nexus Pharms., Inc. v. Cent. Admixture Pharmacy Servs., Inc.*, 48 F.4th 1040, 1049 (9th Cir. 2022) (quoting *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010)). Here, "[l]itigation of [Fukaya's unlawful UCL] claim[] would require litigation of whether [Daiso] violated the FDCA" and thus would be preempted. *Telebrands Corp. v. Luminas Int'l LLC, No.* 22-cv-00891, 2023 WL 6370902, at *4 (S.D. Cal. July 12, 2023); *see also Wilson v. ColourPop Cosms., LLC*, No. 22-cv-05198-TLT, 2023 WL 6787986, at *7–8 (N.D. Cal. Sept. 7, 2023) (dismissing UCL unlawful claim premised on conduct that violated the FDCA as preempted and barred), *appeal dismissed*, No. 23-2627, 2023 WL 9112928 (9th Cir. Dec. 20, 2023).

6

must offer a "model purporting to serve as evidence of damages" that "measure[s] only those damages attributable to [their] theory" of liability. *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013). A plaintiff must present "a likely method for determining class damages, though it is not necessary to show that his method will work with certainty at this time." *Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 379 (N.D. Cal. 2010) (internal quotation marks omitted). Under California law, the proper measure of restitution is "[t]he difference between what the plaintiff paid and the value of what the plaintiff received." *In re Vioxx Class Cases*, 103 Cal. Rptr. 3d 83, 96 (Cal. App. 2009). Here, Fukaya has not presented a damages model or theory of class-wide recovery, stating only that the calculation "will be a simple mathematical task, or one that Daiso itself can and has generated." (Dkt. No. 103 at 20.) Therefore, she has not carried her burden of showing, by a preponderance of the evidence, that individualized questions regarding damages will not predominate.

### 2. Potential Narrowing of the Class Definition

Fukaya's failure to demonstrate predominance across her proposed classes raises the question of whether the classes should be narrowed to include only those purchasers who have tree nut allergies or are buying for others with those allergies, since classwide reliance could potentially be established as to a more limited class. *Olean Wholesale Grocery Coop., Inc.*, 31 F.4th at 669 n. 14 (explaining that "the court may redefine the overbroad class to include only those members who can rely on the same body of common evidence to establish the common issue").

As an initial matter, Fukaya's counsel stated at the hearing that Fukaya does not request the Court to modify the class definition, and opined that the costs of litigating such an action across such a narrowed class would not be worthwhile for the proposed class. Moreover, a narrowed class would still fail the Rule 23 requirements. Individualized issues as to damages would likely still predominate. Also, Fukaya has submitted no evidence showing numerosity for a narrowed class. A class may be certified only if it is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is nothing in the record to support the

7

numerosity of a narrowed class of individuals who purchased one of the products for someone with a tree nut allergy.  Fukaya has not introduced any evidence regarding the prevalence of tree nut allergies in the general population, and Daiso has introduced unrebutted evidence that it did not receive any other reports of allergic reaction to the products aside from Fukaya's report. (Dkt. No. 108-1 at 28–29.)

Therefore, the Court declines to exercise its discretion to redefine the class.  *Victorino v. FCA US LLC*, 326 F.R.D. 282, 301–02 (S.D. Cal. 2018).

### B. Injunctive Relief Class

An injunctive relief class cannot be certified either, because Fukaya has not identified a pattern and practice that is generally applicable to the class as a whole.[3]  Certification under Rule 23(b)(2) is proper where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  Unlike Rule 23(b)(3), a plaintiff does not need to show predominance of common issues or superiority of class adjudication to certify a Rule 23(b)(2) class.  Rather, "'it is sufficient' to meet the requirements of Rule 23(b)(2) that 'class members complain of a pattern or practice that is generally applicable to the class as a whole.'"  *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010) (citing *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998)).

Fukaya seeks an injunction that is not limited to the two products she purchased (which have now been recalled).  Instead, she asks that Daiso be ordered to "cease its deceptive and misleading labeling," and be required to have a "Japanese to English translator [] audit all packaged food products sold by Daiso with a translated ingredient label sold in the United States."  (Dkt. No. 103 at 17.)  However, Fukaya has not carried her burden of proof with respect

---

[3] The proposed injunctive relief class definition is also improper because it does not include any requirement that class members intend to purchase translated, pre-packaged Daiso products in the future.  *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970–71 (9th Cir. 2018).  While the Court could modify the class definition to remedy this deficiency, it declines to do so because class certification fails for other reasons described below.

8

to the existence of a pattern or practice of widespread mislabeling sufficient to satisfy Rule 23(b)(2). Fukaya has identified two products that were incorrectly labeled, and which have since been recalled. The record also shows that Daiso relied on a third-party vendor to prepare translations. (Dkt. No. 114-3 at 7). But Fukaya does not identify, nor does the record show, the existence of any pattern or practice regarding the mislabeling of products in a way that would affect the entire class.

Fukaya points out that when Daiso's motion to dismiss was denied, the order found that Fukaya's purchase of two similarly mislabeled products "supports an inference that other products are also mislabeled." (Dkt. No. 109 at 9 (citing *Fukaya v. Daiso California LLC*, No. 23-cv-00099-JSC, 2023 WL 3436092, at *3 (N.D. Cal. May 11, 2023).) However, at class certification, Fukaya may no longer rely only on allegations that could permit plausible inferences in her favor. Instead, she must actually identify evidence of a widespread policy or practice affecting the class. *Dukes*, 564 U.S. at 350 (explain that a party seeking class certification cannot rely on mere allegations, but must affirmatively demonstrate that Rule 23's requirements are in fact met). At this stage, the existence of two mislabeled products is insufficient for the Court to find that Daiso "acted or refused to act on grounds that apply generally to the class." Certification of the injunctive relief class is denied.[4]

## V.     CONCLUSION

For the reasons explained above, Fukaya's motion for class certification is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 15, 2025

RITA F. LIN
United States District Judge

---

[4] The Court does not reach Daiso's other arguments for why class certification should be denied.